UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

______

MALCOLM ANDRE WAYNE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.
_______________________________/

Case No. 1:26-cv-2433

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following orders issued by the Elizabeth Immigration Court denying him bond twice, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an Order entered on August 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the September 17, 2025, bond hearing and a recording of the April 29, 2026, bond hearing on September 1, 2026, (Resp., ECF No. 6; Recording of Sept. 17, 2025, Bond Hearing and Apr. 29, 2026, Bond Hearing, filed on Sept. 1, 2026). Petitioner filed a reply on September 2, 2026, (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a citizen of Jamaica who entered the United States in 2020. (Form I-213, ECF No. 6-1, PageID.33.) On September 3, 2025, Petitioner was arrested by ICE in New York. (*Id.*, PageID.34, Pet., ECF No. 1, PageID.4.)

On September 17, 2025, Petitioner received his first bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6-3, PageID.38.) At the hearing, the Immigration Judge stated:

> This is an immigration bond proceeding in which the [Petitioner] himself bears the burden of proof.

(Recording of Sept. 17, 2025, Bond Hearing, at 5:05–5:10, filed on Sept. 1, 2026.)

At the conclusion of the September 17, 2025, bond hearing, the Immigration Judge denied Petitioner's request for bond because Petitioner is a "Danger to the community." (Immigration Judge Order, ECF No. 6-3, PageID.35.)

On April 29, 2026, Petitioner received his second bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6-5, PageID.42.) At the conclusion of the April 29, 2026, hearing, the Immigration Judge denied Petitioner's request for bond because: "[Petitioner] has failed to establish that he is not a danger to the community nor that any amount of bond would mitigate his flight risk." (Immigration Judge Order, ECF No. 6-5, PageID.42.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge