UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM ANDREW WAYNE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2433

Honorable Jane M. Beckering

**ORDER**

This is a habeas corpus action brought *pro se* by an individual detained by the United States Immigration and Customs Enforcement detained at the North Lake processing Center located in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on September 9, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering "Respondents to provide Petitioner with an individualized bond hearing, within five business days, before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, or, in the alternative, immediately release Petitioner from custody." (Op. & J., ECF Nos. 9, 10.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 9, 10.) On September 16, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 11; Immigration Judge Order, ECF No. 11-1.) In a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The government has met its burden to show by clear and convincing evidence that the respondent is both a danger to the community and a flight risk. The respondent has a recent arrest record for domestic violence and multiple prior arrests and temporary protective orders. The respondent's application for relief was previously denied by an immigration Judge. The respondent's case is pending appeal, but the respondent has a low likelihood of obtaining relief at this time.

(Sep. 14, 2026, Order Immigration Judge, ECF No. 11-1, PageID.67.)

Thereafter, on October 7, 2026, Petitioner filed a motion to enforce judgment in this closed action. (ECF No. 13.) In the motion to enforce judgment, Petitioner argues that "the bond hearing conducted on September 14, was not an individualized bond hearing" and thus the Immigration Judge improperly denied Petitioner's request for bond. (*See id.*, PageID.71.) In light of this, Petitioner asks this Court to order his immediate release from custody or order Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.76.)

In the motion to enforce judgment, Petitioner seeks to challenge the determinations made at the September 14, 2026, bond hearing in the Detroit Immigration Court. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's September 9, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court where the burden was placed on the government. (Status Report, ECF No. 11; Immigration Judge Order, ECF No. 11-1.) Petitioner's challenge to the determinations made at the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's September 9, 2026,

Opinion and Judgment. Therefore, Petitioner's motion to enforce judgment (ECF No. 13) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 27, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge